UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:19-cr-10005 |
| ADAM LEE WARE, | ) ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Defendant's Objection to the Government's Notice Establishing Prior Convictions (Doc. 30). The Government responded (Doc. 31). The Court became concerned about the propriety of ruling on the objection at this point and directed the parties to submit further briefing (Minute Entry on 12/4/2019) and the parties complied (Docs. 35, 36). For the reasons stated herein, Defendant's Objection (Doc. 30) is denied with leave to reraise it at the appropriate time.

### BACKGROUND

Defendant Adam Lee Ware was indicted on February 20, 2019. (Doc. 11). The four-count indictment charges Defendant with two counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (B), (Counts 1 and 2), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3), and possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 11 at 1–3). The indictment further includes special findings that Defendant has

a 2005 Peoria County conviction for manufacture/delivery of cocaine and a 2012 McLean County conviction for manufacture/delivery of cocaine (Doc. 11 at 5); both convictions were for violations of 720 ILCS 570/41(a)(2)(A). The Government has since formalized its intention to seek a sentence enhancement under 21 U.S.C. § 851 through an Information of Prior Conviction relying on the same prior convictions. (Doc. 34).

## DISCUSSION

The first issue to address is whether the objection is premature. Section 851(a) forbids enhanced sentences for violations of § 841 due to prior convictions, *inter alia*, unless the Government files an information specifying the requisite previous convictions before trial. Much of the remainder of § 851 is important in its particulars. The relevant portions are set forth below:

> (b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence . . . .
>
> [(c)](1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. . . .
>
> [(c)](2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information . . . .

> [(d)](1) If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.
>
> [(d)](2) If the court determines that the person has not been convicted as alleged in the information, that a conviction alleged in the information is invalid, or that the person is otherwise not subject to an increased sentence as a matter of law, the court shall, at the request of the United States attorney, postpone sentence to allow an appeal from that determination. If no such request is made, the court shall impose sentence as provided by this part. The person may appeal from an order postponing sentence as if sentence had been pronounced and a final judgment of conviction entered.

21 U.S.C. § 851 (subsection (e) omitted).

Portions of the statutory text support a reading that whether prior convictions may be used to enhance a sentence is a matter for sentencing rather than pre-conviction. Subsection (b) is clear the Court's inquiry about the affirmance or denial of a prior conviction must occur "after conviction but before pronouncement of sentence." Subsection (d)(1) states if the Court determines the enhancement is correctly applied it "shall proceed to impose sentence" and subsection (d)(2) provides in the alternative the Government may request the Court "postpone sentence to allow an appeal"; but if the Government does not do so the Court "shall impose sentence." In short, the statutory text assumes any hearing and objection occur after conviction.

Several circuit courts, including the Seventh Circuit, have stated § 851 is designed to allow a defendant to consider the consequences of a potential guilty plea. (Doc. 35 at 4). In rejecting an argument that the Government had improperly filed a § 851 information to punish a defendant for not cooperating, the Seventh Circuit stated "Sections 841 and 851 . . . [are] designed to ensure that the defendant has the

3

opportunity to review the allegations and consider the consequences of his decisions prior to trial . . . ." *United States v. Jackson*, 189 F.3d 655, 662 (7th Cir. 1999) (overruled on other grounds by *United States v. Ceballos*, 302 F.3d 679, 690–92 (7th Cir. 2002)). Other circuits have similarly recognized § 851's purposes of providing an avenue for a defendant to attack a notice of prior conviction and providing a defendant with notice to make an informed choice about whether to go to trial. *See United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991); *United States v. Balderama-Iribe*, 490 F.3d 1199, 1205 (10th Cir. 2007); *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995).

In bringing these cases to the Court's attention, Defendant essentially argues these purposes travel together. Defendant's view is he is entitled to know if his prior convictions are valid predicates for a § 851 enhancement before making the decision of whether or not to plead guilty. (Doc. 35 at 3). In support, he cites *United States v. Santos*, 367 F. Supp. 2d 180 (D. Mass. 2005). The District of Massachusetts cited *Williams* as "implicit authority suggest[ing] that the § 851 proceedings *may* in some circumstances take place before the plea," reading the Eleventh Circuit as assuming "while the statute establishes the normal procedure governing a hearing under § 851 as taking place subsequent to conviction, nothing in the statute absolutely prohibits conducting the hearing before a plea." *Id.* at 181 (emphasis in original). In addition, the *Santos* court raised its discretion to manage its docket for efficiency and the evidence suggesting the prior conviction was invalid as reasons supporting allowing a pre-conviction § 851 hearing. *Id.* at 181–82. It is worth noting the only case citing

4

*Santos* the Court is able to find distinguished it while suggesting a pre-conviction hearing would be premature. *United States v. Waller*, No. 15-cr-20310, 2016 WL 2756520, at *4 n.3, 2016 U.S. Dist. Lexis 62625, at *12 n.3 (E.D. Mich. May 12, 2016).

The Government, for its part, argues the § 851 hearing's purpose "is to ensure the defendant notice so that he may prevent *sentencing* errors." (Doc. 36 at 3 (emphasis in original)). In support, it cites *Ceballos*. There, the Seventh Circuit concluded the Government had complied with § 851(a) where it had told the defense it would seek an enhanced sentence if she rejected a plea offer, specified the convictions on which it would rely pre-trial, and only mailed the written notice three days before trial. 302 F.3d at 693. This, the Government says, suggests no hearing is required pretrial. (Doc. 36 at 4).

The Court finds the Government's argument persuasive. This Court respectfully disagrees with the District of Massachusetts's decision in *Santos* because this Court finds the two purposes of § 851 travel separately. The requirement of a notice under § 851(a) allows a defendant to make a fully informed choice whether to proceed to trial knowing the penalties to which he may be subjected. The procedures for challenging the notice in subsections (b) through (d), by contrast, are designed to ensure a proper sentence is imposed and do not serve the goal of informing the defendant prior to conviction. This result accords with the timeline Congress set forth in the statute—both the explicit language of subsection (b) and the implication in

subsection (d) that sentencing would follow a § 851 hearing.[1] The Court therefore finds a pre-conviction § 851 hearing and determination would be premature.[2]

## Conclusion

Defendant's objection is DENIED as premature with leave to raise the objection should he be convicted.

SO ORDERED.

Entered this 14th day of January 2020.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[1] The Court does not foreclose the possibility that in a limited set of circumstances where the expeditious and efficient resolution of a case would be possible through a narrow inquiry into the existence of a prior conviction it would not possess the ability to rearrange the proceedings for the sake of judicial economy notwithstanding its general understanding of the mechanisms of § 851 discussed above. *See Santos*, 367 F. Supp. 2d at 181–82. But this case does not present that scenario.

[2] The Court makes no holding with regard to the potential constitutional ripeness issue or Rule 11 issue because this issue can be resolved on the narrower ground stated above.